**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

––––––––––

No. 03-1890

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ CABRERA,

Defendant, Appellant.

––––––––––

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

––––––––––

Before

Selya, Lynch and Howard,
Circuit Judges.

––––––––––

Robert L. Sheketoff on brief for appellant.
    Michael J. Sullivan, United States Attorney, and Heidi E.
Brieger, Assistant United States Attorney, on brief for appellee.

––––––––––

June 14, 2005

––––––––––

**Per Curiam**.  This sentencing appeal raises three issues. Each of them may be summarily dispatched.

First, the appellant claims that the district court abused its discretion in refusing to hold an evidentiary hearing at sentencing.  We do not agree:  evidentiary hearings at sentencing are the exception, not the rule.  A party seeking such a hearing "must carry a formidable burden of persuasion."  United States v. McAndrews, 12 F.3d 273, 280 (1st Cir. 1993).

In this case, the appellant could have put forth a different version of the disputed point (drug quantity) by affidavit.  He did not do so.  Given that omission, the court had considerable latitude to decide that the appellant had not satisfied his entry-level burden of showing that material facts were genuinely in dispute.  "A district court need not grant an evidentiary hearing . . . merely because a defendant's hopes spring eternal or because a defendant wishes to mount a fishing expedition."  Id.

The second issue relates to the district court's imposition of a role-in-the-offense enhancement.  See USSG §3B1.1(a).  The appellant charges that the district court misapplied the guideline.

As we predicted in United States v. Graciani, 61 F.3d 70, 75 (1st Cir. 1995), role-in-the-offense inquiries are necessarily fact-specific and battles over the propriety of enhancements "will

-2-

almost always be won or lost in the district court."  So here:  the record does not bear out the appellant's charge.

The sentencing transcript satisfies us that the court understood the nature and purpose of the enhancement, correctly delineated its contours,[1] and applied it appropriately to the facts as found.  Since these findings of fact were not clearly erroneous, see United States v. Cruz, 120 F.3d 1, 3 (1st Cir. 1997) (en banc), we uphold the enhancement.

The third, and final, issue devolves from the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). In Booker — a case decided after sentencing in this case had taken place — the Court invalidated those provisions of the Sentencing Reform Act that made the federal sentencing guidelines mandatory. Id. at 764-65.  We have since held that the error described in Booker "is that the defendant's Guidelines sentence was imposed under a mandatory system."  United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005).

We are dealing here with an unpreserved Booker error. Nonetheless, we have held, in similar circumstances, that if a defendant can show, "either in the existing record or by plausible

---

[1]In a fruitless attempt to show that the district court applied the wrong legal framework, the appellant cites our decision in United States v. Coviello, 225 F.3d 54 (1st Cir. 2000).  The Coviello decision deals with mitigating role adjustments under a differently worded guideline, id. at 67, and is, therefore, inapposite.

proffer," some "reasonable indication that the district judge might well have reached a different [sentencing outcome] under advisory guidelines," he is entitled to resentencing. <u>United States</u> v. <u>Heldeman</u>, 402 F.3d 220, 224 (1st Cir. 2005). One way to make this showing (although certainly not the only way) is by reference to what the sentencing judge said at the disposition hearing. <u>See</u> <u>id.</u>

In this case, the sentencing judge's comments furnish a basis for finding a reasonable probability that, if asked to sentence anew under a purely advisory regime, he would impose a more lenient sentence. The government, to its credit, concedes as much. Consequently, resentencing is in order.

We need go no further. We vacate the appellant's sentence and remand for resentencing in light of <u>Booker</u> and <u>Antonakopoulos</u>. We intimate no view as to what sentence should be imposed on remand.

**So Ordered**.